**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MAMADOU PATHE DIALLO,

Petitioner,

v.

Case No. 1:26-cv-03015-MIS-KRS

GEORGE DEDOS, Warden of the Cibola County Correctional Center; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, Field Office Director of the ICE El Paso Field Office of Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER DENYING AMENDED PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Mamadou Pathe Diallo's Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Amended Petition"), ECF No. 7, filed October 4, 2026, and Petitioner's Response to Order to Show Cause ("Response"), ECF No. 8, filed October 11, 2026. Upon review of Petitioner's submissions, the record, and the relevant law, the Court will **DENY** the Amended Petition without prejudice.

## I. Background

Petitioner is a citizen of Guinea who entered the United States without inspection on December 4, 2023, and has lived here ever since. Am. Pet. ¶¶ 9, 15. On December 19, 2026, Petitioner was served a Notice to Appear and placed in removal proceedings. Id. ¶ 16. He timely

filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and has complied with all immigration-related requirements. Id. ¶ 18.

Nevertheless, on May 18, 2026, Petitioner was surrounded by U.S. Immigration and Customs Enforcement ("ICE") officers as he left his home on his way to work and was arrested without a warrant. Id. ¶¶ 19, 24. He has apparently been in detention ever since, and is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Id. ¶¶ 1, 26, 30.

On July 17, 2026, an Immigration Judge denied Petitioner's application for asylum, withholding of removal, and protection under CAT, and ordered Petitioner removed ("Removal Order"). Id. ¶ 28. On August 17, 2026, Petitioner, through counsel, filed a Notice of Appeal ("NOA") with the Board of Immigration Appeals ("BIA"). Id. ¶ 33. However, on August 18, 2026, the BIA rejected the NOA because counsel because counsel failed to sign the NOA and the certificate of service. Id. ¶ 34.

The same day, August 18, 2026, Petitioner refiled the NOA with a Motion to Accept Late Filing. Id. ¶ 35. On August 19, 2026, the BIA rejected the second NOA and Motion to Accept Late Filing because counsel failed to properly include a certificate of service. Id. ¶ 36.

The same day, August 19, 2026, counsel filed another NOA but failed to file a Motion to Accept Late Filing. Id. ¶ 37. On September 2, 2026, the BIA summarily dismissed Petitioner's appeal for failure submit a Motion to Accept Late Filing. Id. ¶ 38; see also ECF No. 7-7 ("Dismissal Order").

On September 7, 2026, Petitioner, through new counsel, filed a Motion to Accept Late Filed Appeal. Id. ¶ 39. That motion is currently pending before the BIA. Id.

On September 10, 2026, Petitioner initiated this case by filing a pro se Petition for Writ of Habeas Corpus that raised no grounds for relief. ECF No. 1.

On September 14, 2026, the Court issued an Order to Show Cause why the Petition should not be summarily dismissed without prejudice for failure to state a claim upon which habeas relief can be granted. ECF No. 5. The Order states:

> Petitioner alleges he was detained on or about May 18, 2026. An Order of Removal was entered on July 2, 2026, and Petitioner's appeal of that Order dismissed on September 2, 2026, making it final. See 8 U.S.C. § 1241.1(a). Where, as here, the petitioner is subject to a final order of removal, detention is governed by Zadvydas v. Davis, 533 U.S. 678, 682 (2001) and 8 U.S.C. § 1231. The Supreme Court determined that a six-month detention period is presumptively reasonable. Zadvydas, 533 U.S. at 701. Because Petitioner is subject to a final removal order and has not yet been detained for six months, it appears that he is lawfully detained.

Id. The Order provided Petitioner thirty days to show cause why the Petition should not be dismissed without prejudice. Id.

On October 4, 2026, Petitioner, through newly-retained counsel, filed an Amended Petition for Writ of Habeas Corpus. ECF No. 7. Therein, Petitioner argues that his detention violates the Immigration and Nationality Act ("INA") to the extent Respondents are detaining him pursuant to the mandatory detention provision in 8 U.S.C. § 1225(b)(2)(A) (Count One); his continued detention without a bond hearing violates the Fifth Amendment's Due Process clause (Count Two); his detention violates his substantive due process rights under the Fifth Amendment because it is unrelated to the purposes justifying federal civil immigration detention (Count Three); his warrantless arrest violates 8 U.S.C. § 1357(a)(2) (Count Four); and his warrantless arrest violates his Fourth Amendment right against unreasonable searches and seizures (Count Five). Id. ¶¶ 49-55, 74-90.

On October 11, 2026, Petitioner (through counsel) filed a Response to the Order to Show Cause. ECF No. 8.

## II. Legal Standard

"The habeas statute provides that a federal district court may entertain a habeas application by a person held 'in custody under or by color of the authority of the United States,' or 'in custody in violation of the Constitution or laws or treaties of the United States.'" Munaf v. Geren, 553 U.S. 674, 685 (2008) (quoting 28 U.S.C. §§ 2241(c)(1), (3)). A petition for writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for a noncitizen to challenge the legality of immigration detention. Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal. However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention. Id. at 701. After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005). Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional limitations" and may not continue "once removal is no longer reasonably foreseeable." Zadvydas, 533 U.S. at 695, 699.

## III. Discussion

Petitioner argues that he is subject to discretionary detention under 8 U.S.C. § 1226(a) and therefore entitled to habeas relief. See Am. Pet. ¶¶ 45-55, 74-76; Resp. ¶¶ 5-14. In this regard, he argues that because he has filed a Motion to Accept Late Filed Appeal with the BIA which remains pending, the Court must treat his removal proceedings as pending, and not final. Resp. ¶¶ 5-14. Petitioner further argues that even if he is subject to mandatory detention, the Court should not summarily dismiss his Amended Petition because he has asserted other bases for habeas relief. Id. ¶¶ 15-16.

Initially, the Court finds that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a) because he is subject to a final order of removal. As relevant here, a removal order becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals[.]" 8 C.F.R. § 1241.1(a). Here, the Immigration Judge entered the Removal Order on July 17, 2026. See Dismissal Order, ECF No. 7-7 at 3. Petitioner timely filed a NOA to the BIA on August 17, 2026, but the BIA rejected it because counsel failed to sign the NOA and the certificate of service. Am. Pet. ¶¶ 33-34. Thereafter, Petitioner refiled the NOA with a Motion to Accept Late Filing, but the BIA rejected those filings because counsel failed to properly include a certificate of service. Id. ¶¶ 35-36. Subsequently, counsel filed another NOA but failed to file a Motion to Accept Late Filing. Id. ¶ 37. Then, on September 2, 2026, the BIA issued an Order summarily dismissing the appeal. See Dismissal Order, ECF No. 7-7.

Consequently, pursuant to 8 C.F.R. § 1241.1(a), Petitioner's Removal Order became administratively final on September 2, 2026—the day the BIA entered the Dismissal Order. Because Petitioner's Removal Order is administratively final, he is subject to mandatory detention under 8 U.S.C. § 1231(a). See Zadvydas, 533 U.S. at 683.

The Court rejects Petitioner's argument that his removal proceedings remain pending because he filed another Motion to Accept Late Filing on September 7, 2026—five days after the BIA entered the Dismissal Order—which is currently pending before the BIA. See Resp. ¶¶ 5-14. To begin with, 8 C.F.R. § 1241.1(a) unambiguously states that a removal order becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals[,]" which occurred on September 2, 2026. See ECF No. 7-7. Although the BIA may accept a late appeal under principles of equitable tolling, Petitioner is currently subject to a final order of removal. See Moya v. Mullin, Case No. CIV-26-977-D, 2026 WL 2497153, at *2 (W.D. Okla. Aug. 25, 2026); Malikov v. Ripa, Case No.: 2:26-cv-01520-SPC-NPM, 2026 WL 1837157, at *1 (M.D. Fla. June 26, 2026). And noncitizens subject to a final order of removal who have filed a motion to reopen their immigration proceedings must remain in detention unless the motion to reopen is granted. 8 C.F.R. § 241.4(b)(1).

The cases Petitioner relies on are materially distinguishable for multiple reasons, but primarily because none of them involve an appeal that the BIA has dismissed. See Landestoy Hernandez v. Baltazar, Civil Action No. 26-cv-1005-WJM, 2026 WL 809843 (D. Colo. Mar. 24, 2026); Salmeron v. Baltasar, Case No. 26-cv-00846-NYW, 2026 WL 776111 (D. Colo. Mar. 19, 2026); Orellana Cruz v. Oddo, Civil Action No. 3:26-cv-00284, 2026 WL 1650733 (W.D. Pa. June 8, 2026); Rodriguez Hernandez v. Batazar, Civil Action No. 1:26-cv-03504-DDD-CYC, 2026 WL 2575595 (D. Colo. Aug. 25, 2026)).

In sum, the Removal Order became final on September 2, 2026, ECF No. 7-7, and Petitioner is subject to mandatory detention during the 90-day removal period. See 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the" noncitizen). Even when the 90-day statutory removal period expires, Petitioner's detention is presumptively

reasonable through March 2, 2027. See Zadvydas, 533 U.S. at 701. Petitioner is also not entitled to a bond hearing. See Gregorio v. Warden, Case No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory"); Johnson v. Guzman Chavez, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of aliens subject to … orders of removal, meaning those aliens are not entitled to a bond hearing"). Accordingly, the Court finds that the Amended Petition is subject to summary dismissal as to Counts One, Two, and Three.

The Court further finds that Counts Four and Five—which allege that Petitioner's warrantless arrest violates 8 U.S.C. § 1357(a)(2) and the Fourth Amendment, respectively, Am. Pet. ¶¶ 84-90—are subject to summary dismissal. Assuming arguendo that a warrant was required to arrest Petitioner, "once deportation proceedings have begun[,] the legality of the alien's detention" based on the absence of a warrant "can no longer be tested by way of a habeas corpus proceeding." Arias v. Rogers, 676 F.2d 1139, 1143-44 (7th Cir. 1982). "Rather, the alien must obtain relief through 'administrative remedies' in removal proceedings. This is because once a 'petitioner[ ] [is] able to pursue' those administrative remedies, 'their detention [is] no longer so lawless as to allow a judge to free them under the habeas corpus statute.'" Rodriguez v. Olson, 814 F. Supp. 3d 945, 955 (N.D. Ill. 2026) (alterations in original) (quoting Arias, 676 F.2d at 1143); see also Castro Pascual v. Dedos, Civ. No. 26-1621 KG/GJF, 2026 WL 2149749, at *16 (D.N.M. July 27, 2026) (citing Min-Shey Hung v. United States, 617 F.2d 201, 202 (10th Cir. 1980) ("[P]etitioner's initial custody was pursuant to an arrest by the immigration officers without a warrant. However, the nature of this custody changed . . . when the District Director . . . made the probable cause determination. . . . The deportation proceedings thus commenced must be allowed

to proceed without the intervention of proceedings in the district court challenging the arrest.'"); Chavez de Vasquez v. Baker, Civil Case No.: SAG-25-03657, 2025 WL 3713773, at *2 (D. Md. Dec. 23, 2025) ("Here, with Petitioner's bond determination already made in immigration court and her removal proceedings underway, habeas review challenging her original arrest is not cognizable.")), report and recommendation adopted 2026 WL 2861686 (D.N.M. Sep. 23, 2026); Salina Artero v. Hernandez, Case No. 2:26-cv-00546-TMC, 2026 WL 1179783, at *2 (W.D. Wash. Apr. 30, 2026) (finding that the warrantless arrest of a noncitizen subject to mandatory detention under Section 1231(a) does not provide a basis for habeas relief).

For these reasons, the Court finds that Petitioner's Amended Petition fails to state a claim upon which habeas relief can be granted.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that Petitioner's Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **DISMISSED without prejudice**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE